## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JOHN WILLIAM KING ) | Case No. 4:16-cv-00695-JLH |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | |
| ) | |
| JOYCE JENKINS SULLIVAN ) | |
| ) | |
| Respondent. ) | |

### FINAL JUDGMENT CONFIRMING ARBITRATION AWARD

This matter came before the Court upon the Application to Confirm Arbitration Award (the "Application") (Doc. 1) filed herein on September 29, 2016, and the Motion for Entry of Final Default Judgment Confirming Arbitration Award (the "Motion") (Doc. 8) filed herein on January 5, 2017. The Court, having reviewed the Application, the Motion, and being otherwise duly advised in the premises does hereby:

ORDER and ADJUDGE as follows:

1.  The Application and the Motion are **APPROVED** and **GRANTED** in all respects.

2.  This Court has jurisdiction over this matter pursuant to 9 U.S.C. § 9.

3.  Respondent, Joyce Jenkins Sullivan ("Sullivan"), was duly served with process on December 9, 2016. Her deadline to file a response herein was December 31, 2016. Sullivan has neither responded to the action, nor requested an extension of time to respond.

4.  A Clerk's Default was entered against Sullivan on January 4, 2017. (Doc. 7)

5.  Having filed no response in the action, Sullivan has admitted all well-pled allegations against her. *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333, n. 7 (8th Cir. 1988).

As a matter of law, Petitioner, John William King, is entitled to a final default judgment against Sullivan pursuant to Federal Rule of Civil Procedure 55(b).

6. With respect to applications to confirm arbitration awards, 9 U.S.C. § 9 provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, *and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.* If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. (Emphasis added).

7. The arbitration award dated June 30, 2016, attached hereto as **Exhibit "A"**, is hereby confirmed, and final judgment is entered in accordance therewith.

8. The arbitration claims filed by Joyce Jenkins Sullivan shall be expunged from all public and non-public records for John William King maintained by the Central Records Depository and/or any securities industry self-regulatory organization, including the Financial Industry Regulatory Authority.

9. Each party shall bear their own attorney's fees and costs.

DONE AND ORDERED at Little Rock, Arkansas this 10th day of January, 2017.

*/s/ J. Leon Holmes*
HONORABLE J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

2

*Copies furnished upon entry to:*

Counsel of Record

*and*

Joyce Jenkins Sullivan
925 Shoal Creek Drive
Fairview, Texas 75069-1950

WPB 383902141v1

**Award**
**FINRA Dispute Resolution**

---

In the Matter of the Arbitration Between:

<u>Claimant</u>
Joyce Jenkins Sullivan

Case Number: 14-01111

vs.

<u>Respondents</u>
John William King
The King Poljak Group

Hearing Site: Little Rock, Arkansas

---

Nature of the Dispute: Customer vs. Associated Person and Non-Member

## REPRESENTATION OF PARTIES

For Claimant Joyce Jenkins Sullivan: Pamela R. Jones, Esq., Downer & Wilhite LLC, Shreveport, Louisiana.

For Respondent John William King ("King"): Timothy B. Atkins, Esq., Morgan Stanley Wealth Management, LLC, Pensacola, Florida.

Respondent The King Poljak Group did not enter an appearance in this matter.

## CASE INFORMATION

Statement of Claim filed on or about: April 2, 2014.
Amended Statement of Claim filed on or about: May 30, 2014.
Joyce Jenkins Sullivan signed the Submission Agreement: April 2, 2014.

Statement of Answer filed by Respondent King on or about: August 28, 2014.
John William King signed the Submission Agreement: August 26, 2014.
The King Poljak Group did not sign the Submission Agreement.

## CASE SUMMARY

Claimant asserted the following causes of action: breach of contract, negligence, breach of fiduciary duty, churning, misrepresentations, omission of facts, suitability, and unauthorized trading. The causes of action relate to Respondent King's alleged unauthorized sale of Claimant's municipal bonds and purchase of municipal bonds of lower quality and the alleged unauthorized sale of other bonds and purchase of shares of Alliance Bernstein Municipal Income Fund.

Unless specifically admitted in his Answer, Respondent King denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

## **EXHIBIT "A"**

## RELIEF REQUESTED

In the Statement of Claim, as amended, Claimant requested compensatory damages of $100,000.00, interest, attorneys' fees, and costs.

In his Statement of Answer, Respondent King requested denial of all of Claimant's claims, expungement of Claimant's claims and that Claimant be held responsible for all costs and fees in this proceeding.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrator acknowledges that he has read the pleadings and other materials filed by the parties.

Respondent The King Poljak Group is not a member or associated person of FINRA and did not voluntarily submit to arbitration. Therefore, the Arbitrator made no determination with respect to Claimant's claims against Respondent The King Poljak Group.

On or about March 30, 2016, Claimant advised FINRA Dispute Resolution that the parties settled this matter and Claimant dismissed her claims against Respondent King with prejudice. Accordingly, the Arbitrator made no determinations with respect to any of the claims asserted in the Statement of Claim, as amended.

On or about April 21, 2016, Respondent King filed a Petition for Expungement which Claimant did not oppose.

The Arbitrator conducted a recorded telephonic hearing on June 17, 2016, regarding Respondent King's Petition for Expungement. Claimant opted not to appear at the hearing.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the recorded telephonic expungement hearing, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1. The Arbitrator recommends the expungement of all references to the above-captioned arbitration from Respondent King's (CRD #709029) registration records maintained by the CRD, with the understanding that pursuant to Notice to Members 04-16, Respondent King must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 12805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative findings of fact:

The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; and

The claim, allegation, or information is false.

The Arbitrator has made the above Rule 2080 findings based on the following reasons:

Claimant alleged in her Statement of Claim, as amended, that Respondent King mismanaged her investment account by engaging in trade activity that was contrary to her stated objective of conservative income. Specifically, she alleged that in April 2013, Respondent King sold the municipal bonds that were in her portfolio and purchased municipal bonds of lower quality. She also alleged that Respondent King sold a diversified group of fixed income bonds against her wishes and then purchased shares of Alliance Bernstein Municipal Income Fund, which was inconsistent with her conservative investment goals.

The evidence showed that on April 2, 2013, prior to the transactions at issue, Claimant had entered into a Fiduciary Services Program Client Service Agreement ("Agreement") with Morgan Stanley, Respondent King's employer. Pursuant to that Agreement, Claimant selected Alliance Bernstein, a third-party investment management firm, as the investment manager for her account, with Morgan Stanley providing trade execution and custodial services. The Agreement gave the investment manager "full and sole discretion to invest and reinvest the assets held in the Account."

The evidence was uncontroverted that Respondent King had no role in the decision to sell Claimant's municipal bonds and repurchase other bonds or in the decision to replace any of her other securities with an investment in the Alliance Bernstein Municipal Income Fund. Those decisions, and the selections of the securities at issue, were made by her investment manager. Moreover, the evidence showed that, contrary to Claimant's allegations, the replacement bonds were actually of a higher quality overall than the original bonds and that the securities selected by Alliance Bernstein were consistent with Claimant's investment objective.

In making the above findings, the Arbitrator: reviewed the BrokerCheck records of Respondent King; reviewed the settlement document; considered the amounts paid to any party; and considered any other relevant terms and conditions of the settlement. The Arbitrator notes that Respondent King did not contribute to the settlement amount and that no party conditioned settlement of the arbitration upon an agreement not to oppose the Petition for Expungement.

## **FEES**

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution assessed a filing fee* for each claim:
  Initial Claim Filing Fee               = $ 975.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as the member firm which employed Respondent King at the time of the event(s) giving rise to the dispute, Morgan Stanley is assessed the following:
  Member Surcharge             = $ 1,100.00
  Pre-Hearing Processing Fee         = $ 750.00
  Hearing Processing Fee           = $ 1,700.00

### Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

September 29-October 1, 2015, joint adjournment request     Waived

The Arbitrator has waived assessment of the adjournment fee.

### Hearing Session Fees and Assessments
The Arbitrator has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) Pre-hearing session with the Arbitrator @ $450.00/session   = $ 450.00
Pre-hearing conference:  December 17, 2014    1 session

One (1) Hearing session on expungement request @ $450.00/session   = $ 450.00
Hearing Date:      June 17, 2016      1 session
Total Hearing Session Fees               = $ 900.00

The Arbitrator has assessed $225.00 of the hearing session fees to Claimant.

The Arbitrator has assessed $675.00 of the hearing session fees to Respondent including the entire fee for the June 17, 2016, expungement hearing.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

**FINRA Dispute Resolution**
**Arbitration No. 14-01111**
**Award Page 5 of 5**

## ARBITRATOR

Alan A. Sachs    -    Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Arbitrator's Signature**

_____    June 30, 2016
Alan A. Sachs    Signature Date
Sole Public Arbitrator

July 1, 2016
_____
Date of Service (For FINRA Dispute Resolution office use only)